UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

RACHEL LABIN on behalf of herself and
all other similarly situated consumers

                      Plaintiff,

    -against-

AMERICAN CORADIUS INTERNATIONAL LLC

                      Defendant.

───────────────────────────────────────────────

## CLASS ACTION COMPLAINT

### Introduction

1.     Plaintiff, Rachel Labin, brings this action against American Coradius International LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.     Upon information and belief, Defendant's principal place of business is located in Amherst, New York.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Rachel Labin

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about May 6, 2014, the Defendant sent the Plaintiff a collection letter.

11. The said letter was an effort to collect on a consumer debt.

12. The said May 6, 2014 stated as follows: "As of the date of this letter you owe $4,917.22. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If an adjustment is made, we may attempt to contact you again about the adjustment. For further information, write the undersigned or call 1-855-425-2184."

13. The said language deceptively threatens "late charges, and other charges" of which on information and belief, the Defendant does not engage.

14. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

15. The Defendant's letter is in violation of 15 U.S.C. § 1692e for falsely suggesting that if

the Plaintiff would pay immediately, it would be a benefit to her financially as the amount would possibly change due to "late charges, and other charges" that may be added after the date of the letter.

16. As the amount the Defendant seeks to collect never varies from the date of issuance, and Defendant never makes adjustments after it receives payment in the amount of the initial letter, the statement in its letter is false, deceptive and misleading.

17. In addition, 15 U.S.C. § 1692g states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) The amount of the debt.

18. The Defendant violated 15 U.S.C. § 1692e(5) and 1692e(10) and 1692g(1) for false and deceptive threats and for failing to accurately state the balance of the debt by stating that the outstanding balance may increase. Therefore, leaving the least sophisticated consumer to reasonably conclude that she must pay the balance stated in the letter immediately or possibly owe a larger amount, causing the consumer to be uncertain of her rights.

19. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

20. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

21. The identities of all class members are readily ascertainable from the records of American Coradius International LLC and those business and governmental entities on whose behalf it attempts to collect debts.

22. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of American Coradius International LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

23. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

24. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

25. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

26. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment

will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

27. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

28. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

30. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

### AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

31. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty (30) as if set forth fully in this cause of action.

32. This cause of action is brought on behalf of Plaintiff and the members of a class.

33. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about May 6, 2014; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(1) for false and deceptive threats and for failing to accurately state the balance of the debt by stating that the outstanding balance may increase. Therefore, leaving the least sophisticated consumer to reasonably conclude that she must pay the balance stated in the letter immediately or possibly owe a larger amount, causing the consumer to be uncertain of her rights.

### Violations of the Fair Debt Collection Practices Act

34. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

35. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
         April 20, 2015

                       ___/s/__ Maxim Maximov_____
                       Maxim Maximov, Esq.
                       Attorneys for the Plaintiff
                       Maxim Maximov, LLP
                       1701 Avenue P
                       Brooklyn, New York 11229
                       Office: (718) 395-3459
                       Facsimile: (718) 408-9570
                       E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                       __/s/__ Maxim Maximov_____
                       Maxim Maximov, Esq.